IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-333 |
| | § | C.A. No. C-05-130 |
| PASCUAL SANCHEZ-CASTILLO, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS,
DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
<u>DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Pascual Sanchez-Castillo's ("Sanchez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 18),[1] which the Court deems filed as of February 20, 2005.[2] The Court ordered the government to respond, and the government filed an answer and motion to dismiss on May 2, 2005. (D.E. 21). After obtaining permission, the government filed a supplemental answer incorporating the transcripts in the case. (D.E. 20, 24-26). Sanchez has not filed a reply. As discussed

---

[1] Dockets entries refer to the criminal case, C-03-cr-333.

[2] Although Sanchez's motion was received by the Clerk on March 11, 2005, it is dated February 20, 2005. That is the earliest date that it could have been given to prison officials for filing, the pertinent act for deeming a document filed by a *pro se* prisoner under <u>Houston v. Lack</u>, 487 U.S. 266. 276 (1988). <u>See also</u> <u>United States v. Young</u>, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of <u>Houston v. Lack</u> to *pro se* prisoner in § 2255 proceedings). The Court thus deems it filed as of the earlier date.

1

herein, Sanchez validly waived his right to file the claims raised in his § 2255 motion. Because the Court finds the waiver to be valid and enforceable, the government's motion to dismiss is GRANTED and Sanchez's § 2255 motion is DISMISSED WITH PREJUDICE.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  FACTS AND PROCEEDINGS

On November 20, 2003, Sanchez was charged in a two-count indictment with: (1) possession with intent to distribute approximately 37 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) ("Count One"); and (2) illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b) ("Count Two"). (D.E. 1).  On December 30, 2003, Sanchez pleaded guilty to Count Two pursuant to a written plea agreement.  (D.E. 7, 8).  In exchange for his guilty plea to that count and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive a three-level credit for acceptance of responsibility, to recommend a sentence at the low end of the applicable guideline range, and to move to dismiss count one at sentencing. (D.E. 8 at ¶¶ 1-2).

The plea agreement contained a voluntary waiver of Sanchez's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal the sentence impose [sic]

> or the manner in which it was determined. The defendant may appeal <u>only</u> (a) the sentenced [sic] imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 8 at ¶ 8) (emphasis in original). The agreement was signed by Sanchez and his counsel.

At Sanchez's rearraignment, the prosecutor summarized the agreement, and specifically stated that Sanchez "waives his rights to appeal, including his rights under Title 28, Section 2255 ..." (D.E. 22, Rearraignment Transcript ("R. Tr.") at 12-13). After that summary was given, Sanchez testified that he read the agreement and discussed it with his attorney, that he understood it, and that he signed it. (R. Tr. at 13-14).

The Court also questioned Sanchez under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion. In ensuring that his waiver § 2255 rights was voluntary, the Court asked Sanchez:

> **THE COURT:** You're also giving up your right contest of collaterally attack your conviction or sentence after your conviction becomes final. Do you want to give [sic] your right to appeal as well as your right to contest your conviction and sentence?

**DEFENDANT:** Yes, sir.

(R. Tr. at 15). Sanchez further testified that no one had promised him what sentence he would receive, that no one had promised him leniency, that no one had threatened him or forced him to plead guilty, and that it was his decision to plead guilty. (R. Tr. at 12, 14). It is clear from the foregoing that Sanchez's waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Sanchez on March 24, 2004 to 36 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and imposed a $100 special assessment. (D.E. 14, 17). Judgment of conviction and sentence was entered March 29, 2004. (D.E. 17). Consistent with his waiver of appellate rights, Sanchez did not appeal. His § 2255 motion was received by the Clerk of this Court on March 11, 2005. (D.E. 18). It is timely.

### III. MOVANT'S ALLEGATIONS

In his motion, Sanchez asserts two claims for relief. First, he argues that his sentence is unconstitutional, relying on United States v. Booker 125 S. Ct. 738 (2005). Second, his motion states that his conviction "was obtained by a plea of guilty without an understanding of the consequences of the plea." (D.E. 18 at p. 5). At first blush, it appears that he is challenging the validity of his plea. Upon a thorough reading of his motion and supporting memorandum, however, it is apparent that he is simply arguing that his plea agreement

should not be considered valid because he did not anticipate the Booker decision. He is not making a direct challenge to the knowing or voluntary nature of his plea.

## IV.  DISCUSSION

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

The Court need not address whether Sanchez has procedurally defaulted his claims by failing to appeal. Rather, the Court concludes that he waived the claims he raises in his § 2255 motion, and thus it does not reach the merits of those claims. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005) (enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker).

**B.      Waiver of § 2255 Rights**

It is clear from the rearraignment transcript that Sanchez understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for a knowing waiver. See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Sanchez's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Those statements support a finding that his wavier was knowing and voluntary. Sanchez's claims fall within the scope of that waiver. Thus, they are not properly before the Court. See generally Wilkes, supra; White, supra.

Moreover, the fact that Booker was not decided until after Sanchez signed his waiver does not place his claims outside the scope of the waiver, notwithstanding his argument to the contrary. The Fifth Circuit has clearly held that "Blakely[3] and Booker do not alter the plain meaning of appeal-waiver provisions in valid plea agreements." McKinney, 406 F.3d at 746-47 & n.5; see also, e.g., United States v. Killgo, 397 F.3d 628, n.2 (8th Cir. 2005)

---

[3]      Blakely v. Washington, 124 S. Ct. 2531 (2004), Booker's predecessor, dealt with a state's sentencing guidelines. The Booker Court extended the reasoning of Blakely to the federal guidelines.

(enforcing waiver of appeal rights as to Sixth Amendment claim, noting that "[t]he fact that [defendant] did not anticipate the Blakely or Booker rulings does not place the issue outside the scope of his waiver"); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005) (upholding waiver of appeal rights signed prior to Blakely in case raising Booker claim); United States v. Bradley, 400 F.3d 459, 465-66 (6th Cir. 2005) (enforcing defendant's waiver of appeal signed prior to Booker as barring his Booker claim and collecting federal circuit court authority in agreement).

For all of the foregoing reasons, Sanchez's motion is barred by his waiver and is therefore DISMISSED WITH PREJUDICE.

## C.  Booker Claim

Even if Sanchez had not waived his right to file the claims in his § 2255 motion, both claims rely entirely on Booker. Sanchez's conviction became final prior to the issuance of the Booker decision, however.[4] Thus, he would be entitled to relief under Booker only if the case applied retroactively. The Court concludes herein that Booker is not retroactive, and thus Sanchez is not entitled to relief under Booker. Accordingly, his claims are subject to dismissal for this additional reason, as well.

---

[4] In his supporting memorandum, Sanchez argues that a conviction is not final until the Supreme Court denies certiorari, and thus his conviction is not yet final because certiorari has not been denied. (D.E. 18, Supp. Mem. at 3). In fact, however, the Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*). In a case such as this one, where the defendant does not appeal, his conviction becomes final on the date that the time for appealing expired, not when certiorari is denied. Sanchez's conviction thus became final in April 2004. His argument is unavailing.

The Fifth Circuit has held that the Supreme Court has not made Booker retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. In re Elwood, 408 F.3d 211 (5th Cir. 2005). Additionally, in the context of discussing whether a claim fell within the savings clause of § 2255, a panel of the Fifth Circuit has recently stated: "Like Apprendi, Booker's holding is not retroactively applicable to cases on collateral review." Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005). The Padilla decision does not contain any analysis or discussion as to how the court reached this conclusion. Rather, the decision simply cites to the first page of the Booker decision for authority, as well as to a case decided prior to Booker, Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002), neither of which states that Booker does not apply retroactively. Nonetheless, to the extent the opinion was intended to address the precise issue before the Court here,[5] it directs that Booker is not retroactively applicable.

Notably, the Padilla court's conclusion is consistent with every other federal court of appeals to have addressed the issue directly. Specifically, the Second, Third, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review and have concluded that Booker does not apply

---

[5] As noted, the Padilla court's statement was made in the context of discussing whether a defendant's claims fell within the scope of the savings clause of § 2255. In order to show that his claims fell within the savings clause, the movant had to show that he was asserting a claim of actual innocence "(1) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." Padilla, 416 F.3d at 426 (quoting Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001)). Despite its broad language, the lack of any analysis suggests that it may not have been intended to directly address the more complicated issue of whether Booker is retroactive on initial collateral review outside the context of § 2255's savings clause.

retroactively. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005) (concluding that Booker states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); United States v. Humphress, 398 F.3d 855 (6th Cir. 2005) (same); Varela v. United States, 400 F. 3d. 864 (11th Cir. 2005) (same); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005) (same); Lloyd v. United States, 407 F.3d 608 (3d Cir. May 17, 2005) (same); United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005) (same); Never Misses a Shot v. United States, 413 F.3d 781 (8th Cir. 2005) (same); United States v. Cruz, __F.3d __, 2005 WL 2243113 (9th Cir. Sept. 16, 2005) (*per curiam*) (same).

The Court agrees with the reasoning set forth in the foregoing cases and thus concludes that Booker is not retroactive to cases on collateral review. Because Sanchez's conviction became final prior to the date Booker was decided – January 12, 2005 – he is not entitled to relief under Booker.

**D.    Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Sanchez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine

9

whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Sanchez has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists would not disagree that the claims raised in his motion are barred due to his waiver. Accordingly, Sanchez is not entitled to a COA.

## V. CONCLUSION

For the foregoing reasons, the government's motion to dismiss (D.E. 27) is GRANTED, and Sanchez's motion to vacate, correct, or set aside his sentence pursuant to

28 U.S.C. § 2255 (D.E. 18) is DISMISSED WITH PREJUDICE.  Additionally, Sanchez is DENIED a Certificate of Appealability.

ORDERED this 9th day of October  2005.

_____
HAYDEN HEAD
CHIEF JUDGE